JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAILEY JENKINS

### DEFENDANTS
REGIONAL ADJUSTMENT BUREAU, INC.

(b) County of Residence of First Listed Plaintiff **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **SHELBY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Michael P. Forbes, PC
200 Eagle Road, Suite 50, Wayne, Pa 19087 610-293-9399

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 FDCPA

Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE 9/5/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2186 East Norris St. Apartment 2 Philadelphia, PA   19125__

Address of Defendant: __P.O. Box 34111 Memphis TN, 38184__

Place of Accident, Incident or Transaction: __2186 East Norris St. Apartment 2 Philadelphia, PA  19125__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐  No☐

Does this case involve multidistrict litigation possibilities?       Yes☐  No☐

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __15 U.S.C 1692 FDCPA__

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __MICHAEL P. FORBES__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __AUGUST 25, 2017__    */s/ signature*    __55767__
                             Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KAILEY JENKINS | : | CIVIL ACTION |
| v. | : | |
| REGIONAL ADJUSTMENT BUREAU, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| AUGUST 25, 2017 | MICHAEL P. FORBES | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-293-9399 | 610-293-9388 | michael@mforbeslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| KAILEY JENKINS ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| REGIONAL ADJUSTMENT BUREAU, INC. ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

### II. PARTIES

3. Plaintiff, KAILEY JENKINS, ("Plaintiff") is a natural person residing in Philadelphia, PA. Because Plaintiff is allegedly obligated to pay a debt, namely a student loan debt, that is the subject of this case, was primarily used for family, personal or household purposes, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and the UTCPL, 72 Pa.Cs. 201-1, et.seq.

4. Defendant, REGIONAL ADJUSTMENT BUREAU, INC., ("RAB"), is upon information and belief, a limited liability corporation located in Memphis, TN. and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen.

5.     At all times material and relevant hereto, Defendant is individually, vicariously and/or equitably liable to Plaintiff.

6.     Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

7.     Plaintiff incurred a debt for student loans ("Loans").

8.     Plaintiff fell behind on her payments for the loans.

9.     In order to cure her default on the loans, Plaintiff enrolled in a rehabilitation program with the loan servicer and, successfully, completed the process.

10.    In or around late August, 2016, Defendant began calling Plaintiff's mother, who was a co-signer on the loan.

11.    In or around mid-September, 2016, Plaintiff's brother, Matthew Jenkins, received a phone call from Defendant.

12.    During the phone call, Defendant's collector, Calvin Johnson, identified himself as calling from Regional Adjustment Bureau.

13.    Mr. Johnson asked Mr. Jenkins if he was Matthew Jenkins and if he was related to LuAnn Jenkins or Kailey Jenkins. Plaintiff's brother did not answer the question.

14.     Mr. Johnson told Plaintiff's brother that it was important that he get in touch with Luann Jenkins or Kailey Jenkins.

15.     Mr. Johnson then gave Plaintiff's brother his phone number and requested that he call back with any information.

16.     Neither Plaintiff nor her mother give their consent or permission for Defendant to call Mr. Jenkins.

17.     At the time of the calls to Plaintiff's brother, Defendant had Plaintiff's phone number.

18.     In late August/early September, 2016, Defendant sent letter(s) to Plaintiff in which it identified the creditor next to the heading' "Client Name", as: SLF-2a-GT-2013.

19.     While Defendant's client can possibly be the same as the current creditor the client can possibly be a different entity then the creditor such as a loan servicer.

20.     Upon information and belief, no such entity named "SLF-2a-GT-2013" exists and even if it does exist, Plaintiff has never had a creditor with the name of SLF-2a-GT-2013.

21.     Accordingly, the facts here indicate that the Defendant falsely and deceptively obfuscated, and failed to identify the name of the creditor, in violation of the FDCPA.

22.     The aforesaid actions of the Defendant are material, deceptive, false and misleading under the FDCPA in that Defendant, inter alia, called and spoke to a third party outside the scope of what is permissible under the FDCPA without Plaintiff's consent.

23.     As a direct and proximate result of Defendant's actions as aforestated, Plaintiff experienced emotional distress in the form of embarrassment, humiliation, upset, frustration and anger and an information injury in that she did not know who the creditor was and she had rehabilitated the debt and, therefore, there should not have been any collection attempts.

24.     As a direct and proximate result of Defendant's actions in speaking with Plaintiff's brother and making the representations as aforestated, Plaintiff's privacy was violated and Plaintiff became uncomfortable and anxious.

25.     Defendant violated the FDCPA and relevant state statutes and the Defendant could have taken the appropriate actions to comply with the applicable laws but failed and neglected to do same and failed to adequately review their actions to insure compliance with said law.

26.     At all times relevant hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and the rights of the Plaintiff herein.

### IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

27.     Plaintiff incorporates his allegations of paragraphs 1 through 22 as though set forth at length herein.

28.     Defendant's actions as aforestated are false, deceptive, material and misleading to Plaintiffs as follows:

(a)     Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party and failing to state it was correcting or confirming contact information;

(b)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(c)     Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

(e) Defendant violated 15 U.S.C. § 1692e (10) by using deceptive means to collect to collect the alleged debt;

(f) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

29. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

30. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

32. Plaintiff incorporates his allegations of paragraphs 1 through 31 as though set forth at length herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAILEY JENKINS, prays that judgment be entered against Defendant for the following:

(1) Actual damages;

(2) Statutory damages each in the amount of $1,000.00;

(3) Reasonable attorneys' fees and costs;

(4) Declaratory judgment that Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com